**William G. WILSON, Plaintiff,**

v.

**LIGNOTOCK U.S.A., INC., Lignotock Corporation, Guenter H. Kiss, Volker Hahn, GHI Beteiligungsgesellschaft Fuer Handel Und Industrie MBH, Defendants.**

No. 89–CV–70328–DT.

United States District Court, E.D. Michigan, ·S.D.

April 6, 1989.

Gary E. Levitt, Fried & Levitt, P.C., Birmingham, Mich., for plaintiff.

C. William Garratt, Garratt & Evans, P.C., Bloomfield Hills, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This case involves an employment dispute. Plaintiff is a manufacturer's representative with extensive experience in the automotive industry. Defendants sell automotive parts manufactured in Europe. This lawsuit originated in Wayne County Circuit Court on September 8, 1988. Thereafter, defendants moved for summary disposition alleging the matter should be referred to arbitration. On January 20, 1989, the state court denied summary disposition finding the matter not subject to arbitration. On February 1, 1989, defendants removed the case to this Court alleging jurisdiction pursuant to 9 U.S.C. § 205, which provides for the removal of cases subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

On February 6, 1989, defendants filed a motion to direct arbitration in Zurich, Switzerland. Plaintiff responded that removal was improper because the dispute is not subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201 et seq. Resolution of this matter rests upon a single legal issue: Is this dispute subject to arbitration under the Convention? If the answer to this question is yes, the matter must be referred to arbitration in Zurich, Switzerland. If the answer is no, the matter must be remanded to state court for lack of jurisdiction.

The Convention provides, in relevant part:

An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, ... falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship ... envisages performance or enforcement abroad or has some other reasonable relationship with one or more foreign states. For purposes of this section, a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

There are four prerequisites to finding a dispute subject to arbitration under the Convention. They are:

(1) the existence of a written agreement to arbitrate the subject matter of the dispute;

(2) the agreement must provide for arbitration within a territory of a signatory to the Convention on Foreign Arbitration. See 9 U.S.C. § 206;

(3) the agreement must arise out of a commercial relationship; and

(4) the agreement must be with a party that is not an American citizen—or—the commercial relationship must have some reasonable relationship with one or more foreign states.

*Ledee v. Ceramiche Ragno*, 684 F.2d 184, 187 (1st Cir.1982). If the above prerequisites are satisfied, the court must order arbitration unless the agreement is found to be "null and void, inoperative or incapable of being performed." *Id. citing* Convention, Article II(3).

Applying the facts of this case to the above cited criteria there is no question but that the first three criteria are satisfied and that the parties to the employment agreement are American citizens.[1] Thus,

---

1. There is a written agreement to arbitrate this dispute. Plaintiff's employment contract provides:

Any controversy arising from, or related to this Agreement which cannot be amicably set-

the pivitol questions are whether the commercial relationship has some reasonable relationship with one or more foreign states and if so, whether the agreement is null and void, inoperative or incapable of being performed.

■ Defendants submit the commercial relationship is reasonably related to a European venue because plaintiff's employment contract contemplated performance and enforcement abroad.

The Court disagrees. During the course of his employment, plaintiff made several trips to Europe for business purposes. However, these trips were not required under plaintiff's employment contract. To the contrary, the employment contract defines a single duty on the part of plaintiff to:

> ... build up a sales and marketing organization for the distribution of LIGNO-TOCK products and services in the metropolitan Detroit area ...

The contract clearly calls for performance within the United States. Lignotock, an American corporation, maintained offices in Michigan. Plaintiff's sales market existed exclusively in the United States. Although it was plaintiff's duty to sell products manufactured abroad, all sales contracts generated by plaintiff were made in Michigan. The products sold by plaintiff were eventually installed in the United States in vehicles sold in the United States. Plaintiff's trips to Europe were incidental to the performance of plaintiff's contractual duty of selling Lignotock products to U.S. automobile manufacturers.

Defendants' argument with respect to European enforcement of the employment agreement is equally unavailing. While the contract contemplates arbitration in Zurich, Switzerland, the arbitration provision of the employment contract unequivocally provides that enforcement of the arbitration award shall be pursuant to U.S. law:

> tled, shall be determined by arbitration in Zurich, Switzerland....

Zurich, Switzerland is a signatory to the Convention. See Convention, Article XVI. Furthermore, an employment contract is considered a

> ... the execution of any judgment of the arbitrators shall be done in accordance with U.S. law. The parties of the Agreement are agreed that it is a question, in the case of an arbitral award, of an U.S. arbitral award.

Since the employment contract dictates that U.S. law shall govern the enforcement of any arbitration award and further dictates that performance of plaintiff's contractual duties shall be within the United States, the Court finds no reasonable relation between the commercial relationship existing between the litigants and Zurich, Switzerland, the proposed cite of arbitration. Accordingly, this Court finds the employment contract is not subject to the Convention and this Court lacks jurisdiction over this dispute.

■ Assuming, arguendo, that the commercial relationship at issue was reasonably related to Europe, the Court would nonetheless find the arbitration agreement incapable of being performed. The arbitration agreement requires that arbitration be conducted "... in accordance with the rules of the International Arbitration Court in Paris, France." By defendants' admission, no such entity exists anywhere in Europe, and thus, no rules exist to govern this dispute.

## CONCLUSION

Finding no jurisdiction over this matter, defendants' motion to direct arbitration is DENIED. This case is REMANDED to Wayne County Circuit Court for the State of Michigan.

IT IS SO ORDERED.

commercial relationship for purposes of the Convention. *Faberge International, Inc. v. DiPino,* 491 N.Y.S.2d 345, 109 A.D.2d 235 (1985). Thus, the first three prerequisites to finding the contract subject to the Convention are satisfied.